(Reap. Dec. 10623)

YAMAHA INTERNATIONAL INDUSTRIES ET AL. *v.* UNITED STATES

Entry No. 5122, etc.

,(Decided November 13, 1963)

*Glad & Tuttle* for the plaintiffs.

*John W. Douglas,* Assistant Attorney General, for the defendant.

WILSON, Judge: These appeals for reappraisement listed in schedule "A," hereto attached and made a part hereof, have been submitted for decision upon the following stipulation entered into between counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, subject to the approval of the court, as follows

1. That this stipulation is limited to the items marked "A" and initialed GKY (Examiner's Initials) by Examiner George K. Yamauchi (Examiner's Name) on the invoices covered by the appeals for reappraisement listed on Schedule "A" annexed.

2. That the merchandise was imported after the effective date of the Customs Simplification Act of 1956 (Public Law 927, 84th Congress, T.D. 54165).

. 3. That the items marked "A" consist of motorcycles; that said items are not identified on the Final List published by the Secretary of the Treasury pursuant to said Customs Simplification Act (T.D. 54521), and accordingly are subject to appraisement under the provisions of section 402 of the Tariff Act of 1930 as amended by said Customs Simplification Act.

4. That on or about the dates of exportation, the prices at which such or similar merchandise was freely sold in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, said prices including the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States, were equal to the F.O.B. invoice unit prices.

5. The appeals may be submitted on this stipulation, the same being limited to the merchandise and issues described hereinabove and abandoned in all other respects.

On the agreed facts, I find and hold export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, to be the proper value for the determination of the value of the merchandise here involved and that such values were the f.o.b. invoice unit prices.

Judgment will issue accordingly.